The undersigned have reviewed the Order dismissing plaintiff's claim based upon the record of the proceedings. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's claim consists of an allegation of negligent medical care by Department of Correction nurses Johnny Lee, Francis Guner, D. Bosin, N. Eagles and Department of Correction doctor Gerald O'Donald, as to ongoing treatment of Plaintiff's neck. Plaintiff suffered a broken neck prior to entering the Department of Correction.
2. At the July 21, 2000 hearing conducted by Deputy Commissioner Berger, defendant moved for dismissal of this action based upon the fact that this was a medical malpractice claim and Plaintiff had no expert medical opinion to support his malpractice claim, pursuant to N.C.G.S. § 90-21-12. The case did not proceed to a hearing on the merits.
3. Plaintiff confirmed in open court that he had no expert medical witnesses available to testify in this mater, and his evidence consisted solely of Department of Correction medical records and his personal opinion. Plaintiff stated in open court that he could obtain expert medical witnesses if given sixty (60) days to do so.
4. Plaintiff complained that he had not been given a copy of his Department of Correction medical records. Defendant's counsel of record, Don Wright, agreed in open court to provide Plaintiff with said medical records.
5. On July 28, 2000, Deputy Commissioner Berger ordered that Plaintiff be given an additional sixty (60) days in which to provide the Commission and Defendant with an affidavit from a medical professional stating an opinion that the care provided Plaintiff by the Department of Correction breached the standard of medical care owed Plaintiff.
6. Deputy Commissioner Berger also ordered Defendant to provide Plaintiff a copy of his Department of Correction medical records. These records were subsequently provided Plaintiff by Defendant's previous counsel, Don Wright, on July 31, 2000.
7. On September 19, 2000, Plaintiff served Defendant with a handwritten affidavit that made reference to a variety of 1996 Department of Correction medical forms that were contained within Plaintiff's Department of Correction medical file. On September 29, 2000, Plaintiff served Defendant with photocopies of two letters from 1996 written by Dr. Rakesh Gupta, M.D.
8. All of the abovementioned medical records referred to Plaintiff's medical condition as it existed in 1996 and other relevant past time periods. None of these documents consisted of an affidavit from expert medical witnesses testifying, or stating that they are willing to testify at trials, as to the standard of care provided Plaintiff while in the care of the Department of Correction.
9. Plaintiff did not comply with Deputy Commissioner Berger's Order of July 28, 2000 in that he failed to provide the Commission and Defendant an affidavit of a medical expert witness who would testify that Department of Correction officials breached the standard of care by failing to follow the applicable standard of medical care when it provided medical treatment to Plaintiff.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. N.C.G.S. § 90-21-12, has been construed to mean that Plaintiff cannot recover in a medical malpractice claim unless he demonstrates by the testimony of a qualified expert that the treatment given by Defendant was negligent and in violation of accepted standards of medical care in the same or similar community, and that Defendant's treatment proximately caused Plaintiff's injury (Tripp v. Pate, 49 N.C. App. 329, 271 S.E.2d 407
(1980) (Lowery v. Newton, 52 N.C. App. 234, 278 S.E.2d 566 (1988). Plaintiff has failed to present evidence complying with these requirements to recover in a medical malpractice claim.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the Order of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's action is DISMISSED WITH PREJUDICE.
2. Plaintiff shall pay the costs of this action.
This the 14th day of December 2001.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER